THE HONORABLE JOHN C. COUGHENOUR

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| ERIC TILLMAN, | CASE NO. C19-0279-JCC |
| Plaintiff, | ORDER |
| v. | |
| VEST SEATTLE, LLC, | |
| Defendant. | |

This matter comes before the Court on Plaintiff's motion to remand to state court or dismiss (Dkt. No. 9). Having thoroughly considered the parties' briefing and the relevant record, the Court hereby GRANTS the motion for the reasons explained herein.

Plaintiff Eric Tillman brought this employment action against Defendant Vest Seattle, LLC in Snohomish County Superior Court, alleging that Smokey Point Behavioral Hospital, which is operated by Defendant, wrongfully terminated him after he made complaints about the hospital being understaffed. (Dkt. No. 1-1 at 6–7.) Defendant removed the action to this Court on the basis of diversity jurisdiction. (Dkt. No. 1 at 1.) Plaintiff subsequently filed the instant motion to remand, alleging a lack of diversity between the parties. (Dkt. No. 9.) Defendant has failed to file a response to the instant motion, which the Court construes as an admission that the motion has merit. *See* W.D. Wash. Local Civ. R. 7(b)(2).

Additionally, the Court notes that neither the complaint nor the notice of removal meet

the burden of showing the citizenship of Defendant, a limited liability company. (*See* Dkt. Nos. 1, 1-1.) The removing party has the burden of establishing the court's subject matter jurisdiction. *See Lindley Contours, LLC v. AABB Fitness Holdings, Inc.*, 414 Fed. App'x. 62, 64 (9th Cir. 2011). "For purposes of diversity jurisdiction, a limited liability company 'is a citizen of every state of which its owners/members are citizens.'" *3123 SMB LLC v. Horn*, 880 F.3d 461, 465 (9th Cir. 2018) (citing *Johnson v. Columbia Props. Anchorage, LP*, 437 F.3d 894, 899 (9th Cir. 2006)). Defendant has not met its burden of establishing the Court's subject matter jurisdiction in this case, as the notice of removal fails to both list the members or owners of Defendant and provide their citizenship. (Dkt. No. 1.)

For the foregoing reasons, Plaintiff's motion to remand to state court or dismiss (Dkt. No. 9) is GRANTED. The Clerk is DIRECTED to remand this action to Snohomish County Superior Court.

DATED this 5th day of April 2019.

John C. Coughenour
UNITED STATES DISTRICT JUDGE